IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWIN IKECUHWU EJIKEME,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15cv565 |
| | ) | **Electronic Filing** |
| **PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, DANIEL CESSNA, JAMES FORINGER, MICHAEL MCCART, JAMES MCKNIGHT,** | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Proceeding *pro se*, Edwin Ikecuhwu Ejikeme ("plaintiff") commenced this action seeking redress for alleged discrimination and retaliation in the workplace. Plaintiff complains of a work environment permeated with hostility which purportedly stems from his race, religion and age. He has amended his complaint to include claims for alleged retaliation taken in response to his filing a charge with the Equal Employment Opportunity Commission ("EEOC") and commencing this lawsuit. The retaliation assertedly culminated in his suspension and termination. Presently before the court is defendants' motion to dismiss. For the reasons set forth below, defendants' motion will be granted in part and denied in part.

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Under the Supreme Court's decision in Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 561 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. Id. at 544. In other words, the allegations of the complaint must be grounded in enough of a factual basis to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In contrast, pleading facts that only offer "'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" nor will advancing only factual allegations that are "'merely consistent with' a defendant's liability." Id. Similarly, tendering only "naked assertions" that are devoid of "further factual enhancement" falls short of presenting sufficient factual content to permit an inference that what has been presented is more than a mere possibility of misconduct. Id. at 1949-50; see also Twombly, 550 U.S. at 563 n. 8 (A complaint states a claim where its factual averments sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) & Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)); accord Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) (a court need not credit "bald assertions" or "legal conclusions" in assessing a motion to dismiss) (citing with approval Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1997) ("courts, when examining 12(b)(6) motions, have rejected 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,'

2

'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'").

This is not to be understood as imposing a probability standard at the pleading stage. Iqbal, 556 U.S. at 678 ("'The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"); Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (same). Instead, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips, 515 F.3d at 235; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("'The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

It also is well settled that pleadings filed by *pro se* litigants are to be construed liberally. McNeil v. United States, 508 U.S. 106, 113 (1993); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). And in such circumstances the court has an obligation to "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." Higgins, 293 F.3d at 688 (quoting Holley v. Dept. of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).

But the above-referenced standards are not to be read as a license to excuse or overlook procedural shortcomings in pleadings submitted by those who choose to represent themselves. McNeil, 508 U.S. at 113 ("we have never suggested that procedural rules in ordinary civil

litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Thus, a complaint drafted without the benefit of counsel nevertheless must comply with Federal Rule of Civil Procedure 8(a). And, while Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement of the claims showing that the pleader is entitled to relief," Rule 12(b)(6) is not without meaning. Krantz v. Prudential Investments Fund Management, 305 F.3d 140, 142 (3d Cir. 2002). It follows that in order to comply with the applicable pleading standards "more detail is often required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Id. at 142 - 43 (quoting Charles A. Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1357 at 318 (2d ed. 1990)). This principle appears to be even more well-grounded after Twombly.

Plaintiff's complaint avers the following:

I am a black male. I am also a born again Christian. I am 52 years old. I began working for Respondent's district 11-0 as a Civil Engineer Trainee on June 18, 2012. On or about 9/26/2013 I was demoted to the position of a Transportation Construction Inspector for the same district. I am currently a transportation construction inspector. Throughout my employment with Respondent, I have been subjected to discriminatory and disparate treatment based on my race, age, and religion by Respondent's management and co-workers. Unlike my co-workers who are not black or born again Christians who are also younger in age than me. I am treated in a condescending manner, spoken to abruptly, humiliated, and insulted. Over the course of my employment, I have been pretextually reprimanded, issued discipline for things that other non-black employees have not been issued discipline for, denied promotions that other less qualified non-black individuals received, and harassed continuously. Respondent's management discriminatory actions are severe and pervasive such that I am being subjected to a hostile work environment.

I continue to be subjected to ongoing hostile work environment based on retaliation, racial, religious, and age discrimination including but not limited to:
(a) Being issued ongoing pretextual discipline and reprimands;
(b) Being treated in a rude and condescending manner ( unlike my non-black and non - born again Christians);
(c) Being continuously denied job opportunities that I am more than qualified for;
(d) Having rules, policies and procedures selectively enforced against me; and
(e) Not affording me with equal benefits and opportunities.

Amended Complaint No. 2 (Doc. No. 5) at 2.

4

Plaintiff further avers defendants "Dale Yessler, Daniel Cessna, P. E., James Foringer, P. E., Michael Mccart, and James McKnight are specifically preventing me from being considered for jobs that I am qualified to perform" and lists examples of their inappropriate conduct, including recent discipline for insubordination and inappropriate conduct, racially biased intimidation and insults by co-workers and managerial supervisors, demeaning statements by managers following the filing of a complaint with the EEOC, a malicious evaluation dated January 29, 2015, and the identification of certain Caucasian individuals who are younger than plaintiff and were promoted to preferable positions. Id. at 3-4. Plaintiff further references 18 posted positions for which he applied. They were filled by "Caucasians who have less qualifications than me whereas I was rejected because of my race, age and religion." Id. at 4. He avers that defendants operate "in unity" against him and freely admit in the workplace that they are "racist." Id. The hostile environment is ongoing. Id.

Defendants move to dismiss on several grounds. First, the Pennsylvania Department of Transportation ("Penn DOT") invokes immunity under Eleventh Amendment "from certain claims made in the instant suit," namely any claim under the Age Discrimination in Employment Act ("ADEA"). Second, there is no individual liability under Title VII or the ADEA. Third, the amended complaint purportedly does not contain sufficient factual content to survive a sufficiency challenge under the plausibility standard "for racial or religious discrimination in employment, hostile work environment and/or retaliation." In this regard they assert that plaintiff has failed to identify any reasons to believe that his race or religion was a factor in any adverse employment action taken by defendants. Based on these tenants, defendants request that the claims identified be dismissed with or without prejudice as appropriate.

In response, plaintiff maintains that "[t]hese charges are also being filed under applicable United States Constitution and Federal employment laws." In addition, Penn DOT and the supervising individual defendants illegally suspended plaintiff in June of 2015 and terminated him on September 11, 2015. He further points out that he is suing for "declaratory, preliminary, and permanent injunctive relief" in addition to damages.

As a general matter, the court must abide by the well-established principles that a *pro se* litigant's allegations are to be construed liberally and the claims are to be treated as invoking all appropriate authority regardless of whether the complaint explicitly identifies the applicable law. Under these principles, the complaint will be construed as attempting to set forth claims of employment discrimination under Title VII in the form of a hostile environment and disparate treatment based on race and religion, a retaliation claim under Title VII, a civil rights claim under 42 U.S.C. § 1983 for employment discrimination in the forms of hostile work environment and disparate treatment based on race and religion and a claim for discrimination under the Age Discrimination in Employment Act ("ADEA"). It is against this backdrop that defendants' challenges to the amended complaint will be evaluated.

Plaintiff's attempt to seek redress based on age discrimination will be dismissed. It is settled that age is not a protected trait or class under the Fourteenth Amendment and defendant Penn DOT does enjoy immunity under the Eleventh Amendment as to any attempt to recover under the ADEA. See, e.g., Kimel v. Florida Bd. of Regeents, 528 U.S. 62, 91 (2000) ("we hold that the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid."). Consequently, plaintiff's employment claims will be dismissed to the extent they are predicated on age discrimination.

The claims for race and religious discrimination and retaliation in violation of Title VII against Penn Dot will not be dismissed. It has long been recognized that Congress may abrogate the states' Eleventh Amendment immunity and subject them to suit by one of their citizens. Mitchell v. Miller, 884 F. Supp.2d 334, 366 (W.D. Pa. 2012). "In Fitzpatrick v. Bitzer, 427 U.S. 445, 447–457 . . . (1976), the Supreme Court held that Congress has validly abrogated the States' Eleventh Amendment immunity in actions brought under Title VII." Id. For this reason, plaintiff's Title VII claims for employment discrimination and retaliation are not subject to dismissal based on Eleventh Amendment immunity.

Liability under Title VII is limited to the employer. Congress did not provide for individual liability for damages under Title VII. Sheridan v. E. I DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3d Cir.), cert. denied, 521 U.S. 1129 (1996) ("Congress did not intend to hold individual employees liable under Title VII."). Supervisors and managers are employees of the employer and thus are beyond the reach of the statute. See e.g. Rowen v. City of Bayonne, 2009 WL 1470424, *7 (D. N.J. May 26, 2009) ("Here, as in Sheridan and Dici [v. Commonwealth of Pennsylvania, 91 F.3d 542 (3d Cir.1996),], even though Corbett acted in a supervisory capacity, she is still an employee, and as such cannot be held liable under Title VII."). Consequently, defendants' request for dismissal of any Title VII claims against the individual defendants will be granted.

Employment decisions by a state likewise are subject to the confines of the Fourteenth Amendment. Engquist v. Oregon Dept. of Aggr., 553 U.S. 591, 603-09 (2008). For this reason, plaintiff's § 1983 claims for adverse employment actions based on race will not be dismissed.

Defendants' efforts to derail plaintiff's complaint based on the plausibility standard are unavailing. "[F]or purposes of pleading sufficiency, a complaint need not establish a prima facie

7

case in order to survive a motion to dismiss." Connelly, 809 F.3d at 788. This is because "[a] prima facie case is 'an evidentiary standard, not a pleading requirement.'" Id. (quoting Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 510 . . . (2002)). Thus, whether a complaint sets forth a prima facie case of employment discrimination is "'not a proper measure of whether a complaint fails to state a claim.'" Id. at 789 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir.2009).

While plaintiff's *pro se* submissions leave much to be desired, they contain enough of a factual basis to present more than a sheer possibility of wrongful conduct. See id. at 786 (a pleading must show more than a sheer possibility that a defendant has acted unlawfully). They provide a level of detail by referencing specific examples of workplace conduct and discriminatory treatment. Holding plaintiff's *pro se* submissions to the exacting standard advocated by defendants would be improper because among other things it would fail to view them through the proper lens. See Connelly, 809 F.3d at 790-91 ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still - as we have already emphasized - assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d 153, 154 n. 1 (3d Cir. 2014) and Phillips, 515 F.3d at 231 (Twombly did not 'undermine the principle that all reasonable inferences are to be drawn in favor of the plaintiff," and it reaffirmed that "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits'")). Consequently, any further arguments about the sufficiency of plaintiff's claims must await further development of the record.

For the reasons set forth above, defendants' motion to dismiss will be granted to the extent plaintiff's claims of discrimination 1) are predicated on age discrimination and 2) seek to impose liability under Title VII against the individual defendants. The motion will be denied in all other aspects.

<u>March 18, 2016</u>

                                          <u>s/David Stewart Cercone</u>
                                          David Stewart Cercone
                                          United States District Judge

cc:    Scott A Bradely, SDAG

       (*Via CM/ECF Electronic Mail)*

       Edwin Ikecuhwu Ejikeme
       505 Herron Avenue
       Pittsburgh, PA 15219

       (*Via First Class Mail*)